# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 86 | **DATE** | January 14, 2008 |
| **CASE TITLE** | Marcus Conner (#2007-0067573) v. City of Chicago | | |

**DOCKET ENTRY TEXT:**

Plaintiff Marcus Conner's motion for leave to file his complaint *in forma pauperis* is granted. [3] The Court authorizes the trust fund account officer at plaintiff's place of confinement to deduct, as an initial partial payment of the filing fee, $5.00 from plaintiff's account, and to continue making deductions in accordance with this order until the entire $350 filing fee is paid. The clerk shall send a copy of this order to the trust fund account officer at Cook County Jail. However, summonses shall not issue. Plaintiff's complaint does not sufficiently state a claim for relief; nor does it name proper parties as defendants. Accordingly, the complaint is dismissed without prejudice to plaintiff submitting an amended complaint within 30 days of the date of this order. The Chicago Police Department is not a suable party, and is dismissed as a defendant in this suit. *Gray v. City of Chicago*, 159 F.Supp.2d 1086, 1089 (N.D. Ill. 2001). Plaintiff's motion for appointment of counsel [4] is denied without prejudice. The clerk is directed to send to plaintiff an amended complaint form, along with a copy of this order.

■ **[For further details see text below.]**                                                                                  Docketing to mail notices.

## STATEMENT

     Plaintiff Marcus Conner (#2007-0067573), currently incarcerated at Cook County Jail, has filed this civil rights suit against the City of Chicago and unknown Chicago police officers. Plaintiff provides no information about the actions of the officers toward him; however, plaintiff's assertions suggest that he seeks to allege claims of false arrest, harassment, and police brutality.

     The court finds that plaintiff is unable to pay the filing fee and grants his motion to file his complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $5.00. The supervisor of inmate trust accounts at Cook County Jail is authorized to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the correctional facility where plaintiff is confined is authorized to collect monthly payments from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify plaintiff's name and the case number of this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event plaintiff is transferred to another state correctional facility.

**(CONTINUED)**

isk

**STATEMENT (continued)**

  Although plaintiff may proceed *in forma pauperis*, his complaint cannot proceed forward in its current state. Plaintiff states very general assertions that unknown Chicago police officers engaged in false arrest, harassment, and police brutality; however, plaintiff provides no information about any facts underlying his claims. Under the federal notice pleading requirement, a plaintiff need not plead extensive facts, *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004); Fed. R. Civ. P. 8; but, he must "give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests," so that the defendants may respond. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007)*(quoting Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)). Plaintiff's lack of any information about the underlying facts provides insufficient notice of his claims. Therefore, his complaint is dismissed without prejudice. Plaintiff is given one opportunity to submit an amended complaint, in which he should provide some information about the events giving rise to his claims.

  Also, plaintiff does not name proper parties as defendants. Plaintiff names as defendants the City of Chicago, the Chicago Police Department, and unknown officers. The Chicago Police Department is not an entity separate from the city, is not a suable party, and is therefore dismissed as a defendant in this case. *Gray v. City of Chicago*, 159 F.Supp.2d 1086, 1089 (N.D. Ill. 2001). With respect to naming unknown police officers as defendants, plaintiff cannot maintain an action for damages against defendants unless he serves them personally in accordance with Fed. R. Civ. P. 4, which he cannot do without knowing their names. A plaintiff may name an unknown defendant under the fictitious name "John Doe," and name a supervisory official as defendant for the limited purpose of conducting discovery to learn the identity of an unknown defendant. Once an attorney makes an appearance for the supervisory official, plaintiff may forward a list of questions to the attorney for the purpose of discovering the identities of officers personally involved in plaintiff's claims. Plaintiff may then amend his complaint to name those defendants, and dismiss the supervisory official. *Donald v. City of Chicago Sheriff,* 95 F.3d 548, 556 (7th Cir. 1996); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980); *see also Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). If plaintiff seeks in this case to name the City of Chicago in its supervisory role for the purpose of discovering the names of unknown officers, he should so indicate in his amended complaint.

  Plaintiff's motion for the appointment of counsel is denied at this time. Although civil litigants do not have a statutory or constitutional right to counsel, this Court may appoint counsel at any time during the proceedings if the complexity of the case and the plaintiff's inability to litigate the case himself demonstrate that counsel would provide a substantial benefit. *Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Plaintiff's case, at this early stage, does not involve complex issues or discovery, and plaintiff should be able to proceed *pro se* at this time. The appointment of counsel currently is not warranted. *See Pruitt v. Mote*, 503 F.3d at 654-56; *Maclin v. Freake*, 650 F. 2d 885, 887 (7th Cir. 1991).

  If plaintiff wants to proceed with this case, he must, within 30 days of the date of this order, submit an amended complaint that both sufficiently states a claim for relief and names suable parties as defendants. Failure to comply with this order within 30 days may be construed as plaintiff's desire not to proceed with this case and may result in dismissal of this action. The clerk is directed to send to plaintiff an amended complaint form, along with a copy of this order.